[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10280 & 20-13859

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES GADDY,

Defendant-Appellant.

———————————————

Appeals from the United States District Court
for the Southern District of Georgia

D.C. Docket No. 4:88-cr-00032-LGW-CLR-1

———————————————

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

James Gaddy, *pro se*, appeals the district court's denial of his two motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In both orders, the district court found that the 18 U.S.C. § 3553(a) factors did not support a reduction in Gaddy's sentence. There are two issues on appeal. First, the Government moves to dismiss Gaddy's appeal of the district court's denial of his first motion for compassionate release because it was untimely. Second, Gaddy argues that the district court abused its discretion by denying his motions for compassionate release because U.S.S.G. § 1B1.13 does not apply to prisoner-filed motions and the district court relied on inaccurate information in denying his motions, which caused it to improperly apply the § 3553(a) factors.

I.

In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the entry of the

judgment or order being appealed.  Fed. R. App. P. 4(b)(1)(A).  A district court is permitted, upon a finding of excusable neglect or good cause, to extend the time for a defendant to file a notice of appeal to no more than 30 days.  Fed. R. App. P. 4(b)(4).

The deadline in Rule 4(b) for criminal defendants to appeal is not jurisdictional but is instead a claims processing rule that can be waived by the Government.  *United States v. Lopez*, 562 F.3d 1309, 1312–13 (11th Cir. 2009).  Thus, an appeal may only be dismissed as untimely if the Government raises the issue, which it may do for the first time in its merits brief.  *Id.* at 1313.  If the Government raises the issue of untimeliness, then "we must apply the time limits of Rule 4(b)."  *Id.* at 1314.

Here, Gaddy untimely filed his notice of appeal following the denial of his first motion for compassionate release.  The district court denied Gaddy's first motion on November 12, 2019.  Gaddy, without seeking an extension of time from the district court, filed a notice of appeal on January 7, 2020.  Even if Gaddy had sought an extension of time, the district court could have granted him only 30 days to file.  Fed. R. App. P. 4(b)(4).  If the defendant does not file his notice of appeal until after that 30-day period, the district court—even upon a finding of excusable neglect or good cause—is not permitted to allow the out-of-time appeal.  *Lopez*, 562 F.3d at 1314.

Gaddy has argued that the Government forfeited its Rule 4(b) objection to his untimely notice of appeal by failing to raise it earlier.  While the Government can waive a Rule 4(b) timeliness

objection, the Government has not done so here.  In *Lopez*, we held that the Government "may object to the timeliness of an appeal for the first time in its merit brief." *Id.* at 1313.  Therefore, the Government has not forfeited its Rule 4(b) objection to Gaddy's untimely notice of appeal, and "we must apply the time limits of Rule 4(b)." *Id.* at 1314.  Accordingly, we **DISMISS** Gaddy's appeal of the denial of his first motion for compassionate release.

## II.

Gaddy argues on appeal that the district court abused its discretion by denying his motions for compassionate release because U.S.S.G. § 1B1.13 does not apply to prisoner-filed motions, the district court relied on inaccurate information in denying the motions, and the district court improperly applied the § 3553(a) factors.  Because we have dismissed Gaddy's appeal of the district court's denial of his first motion for compassionate release, we only consider his arguments as applied to the district court's denial of his second motion for compassionate release.  We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).  After eligibility is established, we review a district court's denial of compassionate release under § 3582(c)(1)(A) for abuse of discretion.  *Id.*

Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners.  *See Bryant*, 996 F.3d at 1248–50,

1261. Under this statute, a district court may grant a prisoner's motion for compassionate release after determining that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) § 3553(a) sentencing factors weigh in favor of a reduction. 18 U.S.C. § 3582(c)(1)(A).[1] Our recent decisions in *United States v. Tinker*, — F.4th —, 2021 WL 4434621 (11th Cir. Sept. 28, 2021) and *United States v. Giron*, — F.4th —, 2021 WL 4771621 (11th Cir. Oct. 13, 2021) hold that a district court may not grant compassionate release unless it makes all three of these findings.

The Sentencing Commission policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which include that the district court must determine that "[t]he defendant is not a

---

[1] In addition to the "extraordinary and compelling reasons" basis for compassionate release under § 3582(c)(1)(A)(i), a district court may also modify a sentence if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ." 18 U.S.C. § 3582(c)(1)(A)(ii). Here, Gaddy cited § 3582(c)(1)(A)(ii) as a basis for a sentence reduction in his first motion for compassionate release, but not in his second. Because we have dismissed Gaddy's appeal of the district court's denial of his first motion for compassionate release, we will not address the district court's denial of Gaddy's motion for compassionate release pursuant to § 3582(c)(1)(A)(ii) on the merits.

danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," before it can reduce the defendant's sentence.  U.S.S.G. § 1B1.13(2) & cmt. n.1.  An application note to Section 1B1.13 lists four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant"; "(B) Age of the Defendant"; "(C) Family Circumstances"; and "(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  U.S.S.G. § 1B1.13 cmt. n.1.  Relevant here, a defendant's age may be an extraordinary and compelling reason warranting a sentence reduction if he "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his . . . term of imprisonment, whichever is less."  *Id.* § 1B1.13 cmt. n.1(B).  A prisoner's rehabilitation "is not, by itself, an extraordinary and compelling reason" warranting a sentence reduction.  *Id.* § 1B1.13 cmt. n.3.

Gaddy has argued that the district court erred by not considering whether extraordinary and compelling reasons existed beyond those listed in U.S.S.G. § 1B1.13 because this policy statement does not apply to prisoner-filed motions.  Recent precedent forecloses this argument.  We have held that Section 1B1.13 constrains district courts' authority to identify when extraordinary and compelling reasons exist.  *See Bryant*, 996 F.3d at 1262.  The compassionate release exception requires that any sentence reduction be

"consistent with applicable policy statements."    18 U.S.C. § 3582(c)(1)(A).  In *Bryant*, we concluded that Section 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)"—including those filed by prisoners.  996 F.3d at 1262.  "Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."  *Id.*  This "consistent-with requirement" means that Section 1B1.13 is "binding on district courts" that are adjudicating motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* at 1251–52.  We also held in *Bryant* that the catch-all provision in Application Note 1(D) "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."  *Id.* at 1248; *see also id.* at 1263–65.

Gaddy has also argued that the district court abused its discretion by improperly applying the § 3553(a) factors.  We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  The abuse of discretion standard of review "is not simply a rubber stamp."  *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (quoting *United States v. Docampo*, 573 F.3d 1091, 1104 (11th Cir. 2009) (Barkett, J., concurring in part and dissenting in part)).  "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review."  *Id.* This standard of review, though, does afford district courts a "range of choice," and we "cannot reverse just because we might have

come to a different conclusion." *Harris*, 989 F.3d at 912 (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)).

In *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021), in a context in which meaningful review of a district court's consideration of the § 3553(a) factors was necessary, we held that a district court must explain its decision sufficiently to allow for meaningful appellate review—*i.e.*, to allow the court of appeals to determine whether the district court considered the applicable factors. Nevertheless, the district court need not state on the record that it has considered each of the § 3553(a) factors nor must it discuss each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). A sentence may be affirmed if the record indicates that the court considered a number of the factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (concluding that, while the district court did not specifically state that it had considered the factors, it necessarily considered several of them by entertaining the defendant's objections and motion for a downward departure). "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

The § 3553(a) factors include the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. 18 U.S.C. § 3553(a). Here, the district court did not abuse

its discretion in concluding that the § 3553(a) factors weighed in favor of denying Gaddy's second motion for compassionate release. The district court considered Gaddy's prior criminal history; the nature of and circumstances surrounding his offense; and the need for his sentence to reflect the seriousness of his crime, promote respect for the law and victims, provide just punishment, and deter similar offenses. The district court also concluded that Gaddy would pose a risk to the safety of the community, so his release would not be consistent with the applicable Sentencing Commission policy statement. U.S.S.G. § 1B1.13(2).

Based on the district court's order, we cannot conclude that it abused its discretion. The district court merely had to explain its reasoning sufficiently "to allow for meaningful appellate review." *Johnson*, 877 F.3d at 997. We cannot reverse its decision merely because we might have concluded differently. *Harris*, 989 F.3d at 912. The district court adequately explained the facts and the § 3553(a) factors it considered for this Court to exercise meaningful appellate review.

Gaddy has argued that the district court relied on inaccurate information when weighing the § 3553(a) factors. In his opening brief, Gaddy argues that the district court erred by stating that (1) he had committed four prior armed robberies when his revised presentence report reflects only two and (2) the presentence report "recommended" an upward departure from the guideline range. In his reply brief, Gaddy points to a third alleged error, arguing that it was error for the district court to say that he committed a

kidnapping "[w]hile committing a series of other criminal offenses" because he does not know to what offenses the court is referring.

None of these alleged errors lead us to the conclusion that the district court abused its discretion.  First, assuming that Gaddy is correct, only the third alleged error occurred in the district court's denial of Gaddy's second motion for compassionate release.  The other two alleged errors were present in the district court's denial of Gaddy's first motion for compassionate release, but we have dismissed Gaddy's appeal of that denial for untimeliness.  Second, the district court correctly noted that Gaddy committed a series of other criminal offenses when he kidnapped Adam Sparks.  In his trial for kidnapping, Gaddy was also convicted of interstate transportation of a stolen motor vehicle, sale and receipt of a stolen motor vehicle, and fraud.  *See United States v. Gaddy*, 894 F.2d 1307, 1309–10 (11th Cir. 1990) (outlining the underlying facts and charges at Gaddy's trial).  Therefore, the district court did not err by stating that Gaddy had committed other criminal offenses.  Third, assuming that the district court did misstate these underlying facts, such error is harmless and does not show an abuse of discretion.  *Cf. United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009) ("A Sentencing Guidelines miscalculation is harmless if the district court would have imposed the same sentence without the error.").

*Bryant* forecloses Gaddy's arguments that Section 1B1.13 does not apply to prisoner-filed motions and that a district court can find extraordinary and compelling reasons to warrant a

sentence reduction under Application Note 1(D).  996 F.3d at 1248, 1252, 1263–65.  Therefore, the district court did not err in denying Gaddy's second motion for compassionate release because he was not eligible for relief.  Even if Gaddy were eligible, the district court did not abuse its discretion because it addressed the § 3553(a) factors and sufficiently explained its decision to allow for meaningful appellate review.  The district court's order was also consistent with the policy statement, which indicates that it was required to consider Gaddy's danger to the community.  U.S.S.G. § 1B1.13(2).

Accordingly, we **AFFIRM** the denial of Gaddy's second motion for compassionate release.

**DISMISSED IN PART AND AFFIRMED IN PART.**